UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR IVAN WILLIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THELMA FERBISH,<br><br>Defendant. | Civil Action No. 15-1076 (JEB) |

## MEMORANDUM OPINION

On July 9, 2015, *pro se* Plaintiffs, who label themselves "Taylor Ivan Willis, Irrevocable Private Trust, dba Ivan Willis Taylor" and "Taylor Princess Donya, Irrevocable Private Trust, dba Princess Donya Taylor" filed this largely incomprehensible action against Thelma Ferbish. See ECF No. 1.  The Complaint is entitled "Notice of Complaint in Replevin and Ne Exeat." Id. at 1.  It asks the Court to compel Defendant "to surrender and deliver the property" to them.  Id. Such property is subsequently identified by street address as three parcels of real property in the District of Columbia.  See id. at ECF p. 3.  This description notwithstanding, Plaintiffs also assert that "this is a counterclaim within the admiralty and maritime jurisdiction of this court . . . ." Id. at 1.

Perplexed as to what federal subject-matter jurisdiction such a Complaint invokes, the Court *sua sponte* issued an Order requiring Plaintiffs to show cause why the case should not be dismissed on that ground.  See ECF No. 2.  In response, Plaintiffs submitted an "Affadavit in Rebuttal to Question of Subject-Matter Jurisdiction," see ECF No. 4, and a "Notice of Complaint in Replevin and Ne Exeat Amended." ECF No. 5.  The first repeats that "Article III, Section 2 of

1

the U.S. Constitution grants original jurisdiction over maritime cases to federal courts. . . . A federal district court has jurisdiction in rem in an admiralty action when the vessel . . . is within the territorial jurisdiction of the court at the time the case is initiated." Aff. at 1. Vessel is later defined as "Thelma Ferbish and all real property in the name of Thelma Ferbish." Id. at 6. Plaintiffs, of course, cannot designate an individual or property as a seagoing craft simply to suit their purposes. There is also a brief reference to a jurisdictional threshold of $75,000, see id. at 2, but Plaintiffs cannot invoke diversity jurisdiction since the Complaint makes clear that all parties are domiciled in the District of Columbia. The second pleading, conversely, makes no effort at all to establish subject-matter jurisdiction.

Defendant's unsolicited responsive pleading provides some answers to what is going on here inasmuch as it notes that Plaintiffs may be members of the sovereign-citizens movement and have, in fact, been arrested on charges of mortgage fraud. See ECF No. 6 (Response). In any event, the Court need not inquire into Plaintiffs' motivation; it is enough that no subject-matter jurisdiction exists.

The Court, accordingly, will issue a contemporaneous Order dismissing the case without prejudice.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:   August 24, 2015